IN THE MATTER OF THE APPLICATION OF JACOB H. CLUTE, AS TRUSTEE.

(Argued March 9, 1880; decided March 19, 1880.)

IN June, 1874, John Gould made and published his last will, in which he disposed of a large estate. He created several trusts for his wife and children, and appointed the appellant Savage trustee of all the trusts, executor of the will, and guardian of his children. In November, 1874, Gould died ; after his death his will was proved and admitted to probate, and Savage took upon himself the duties of executor and trustee under the will. A few days before his death, Gould assigned to Savage, by a written assignment absolute in form, two bonds, secured by mortgages upon real estate, amounting to $15,000. At the same time, he impressed upon the property thus assigned, by parol, a trust that Savage, as trustee, should hold the bonds and mortgages, and collect and invest and re-invest the principal sum or sums thereof, as often as such principal sum or sums might be collected or received by the trustee, and collect the interest and income of such property, and after paying and deducting all the expenses attendant upon or resulting from the trust, including the fees and commissions of the trustee, that he should pay the balance of such interest and income in quarter-yearly payments to Wilhelmina Kappes, so long as she should live and remain unmarried, with remainder over, upon her death or marriage, of the principal of the trust estate, in whatever form invested, to Savage as executor

and trustee under Gould's will, to be added to the trust estate of Gould's children under the will. By virtue of the assignment thus made to him, and the trust thus created, Savage took and has since held the bonds and mortgages.

In April, 1878, Savage was removed from his office of executor and trustee under the will, and soon thereafter Jacob H. Clute was appointed by the Supreme Court trustee to execute the trusts created in the will; he was also appointed administrator with the will annexed, and has since been such trustee and administrator. Some time before this proceeding was instituted, Savage commenced a foreclosure of the two mortgages, obtained a judgment of foreclosure, and a referee appointed for that purpose had advertised the mortgaged premises for sale. Then Clute presented his petition to a Special Term of the Supreme Court, in which he set forth the facts hereinbefore mentioned and other facts; alleged that the mortgages were a part of the estate of John Gould, that as trustee thereof he was entitled to the possession thereof, and that he had demanded the possession thereof of Savage, who refused to deliver the same to him; and he prayed that Savage should be ordered to transfer and deliver the bonds and mortgages and judgment of foreclosure to him, and to consent that he should be substituted in the foreclosure action as plaintiff in his capacity as trustee, or that Savage and the referee should be directed and required to receive his bid upon the foreclosure sale to the amount actually due on the judgment, and if the premises should not produce upon the sale a larger amount from other sources, that they be struck off to him as such trustee, on such terms as the court should settle. The petition, which was also entitled in the foreclosure action, was brought to a hearing upon a notice served upon the referee for the sale and upon Savage, and the court made an order, of which this is the material part: "It is ordered, that for the better determination of the questions raised herein, the judgment in the above entitled action be and it hereby is so far vacated and opened as to Jacob H. Clute as said trustee as aforesaid, as to the *cestuis que trust* and heirs

of John Gould, deceased, and as to Wilhelmina Kappes, the *cestui que trust* under said assignment, as to require the said plaintiff Edward Savage, and said plaintiff is hereby required and directed to amend and add them as parties defendant to the above entitled action, and to serve them with copies of the summons and complaint herein, within ten days from the entry of this order, and that they be allowed to come in within the usual time to answer or defend as they may deem or be advised to be proper, and thereon litigate and determine their respective rights and relief; and that in the meantime all proceedings of said Savage as plaintiff, and of S. S. Hatt as referee therein named, upon the judgment of foreclosure and sale herein be stayed, except to adjourn from time to time and give notice thereof; and that said Edward Savage and S. S. Hatt, the referee in said judgment named, be and they each are in the meantime enjoined from assigning, disposing of, or in any manner interfering with the said mortgages, bonds or judgments other than may be necessary for the preservation and protection thereof. As to the other defendants, their default in the said judgment is not opened." From this order Savage appealed to the General Term of the Supreme Court, entitling his appeal in this matter as well as in the foreclosure action, and there the order of the Special Term was modified so as to read as follows : "Ordered, that the said Edward Savage be and he is hereby relieved from the further performance of the trusts, and from any and all interest under the said assignment of A. H. Tremain, and under the assignment, interest and trust created by said John Gould, deceased, and that the said Jacob H. Clute, as trustee as aforesaid, be vested therewith (subject to and charged with the performance of such trust) ; and that said Edward Savage assign to said Clute, as such trustee, the said bonds and mortgages mentioned and referred to in the above entitled petition and action by proper assignment in writing, charged with the trust aforesaid, and until the death or marriage of the said *cestui que trust* for life named in said trust deed, and thereafter to be held by him and his successors as testamentary

trustee, or if the said *cestuis que trust*, under said will of John Gould, be then entitled, to them; and further, that said Jacob H. Clute, as trustee as aforesaid, be substituted as plaintiff in the above entitled action, in the place and stead of said Edward Savage, who shall at the same time assign to him the judgment held by him in the above entitled action; and further, ordered, that these proceedings be without prejudice to the right of said *cestuis que trust* named in said trust deed for good cause shown to petition this court to require security from the said Clute."

EARL, J., who writes the opinion, says: "We are of opinion that both orders are wrong. Clute had nothing whatever to do with the two mortgages. Savage held two distinct trusts; one, under the will, of the estate passing by the will, and one, under the parol appointment, of the two bonds and mortgages. The latter trust came into operation the moment it was created; the former at the death of the testator. The title to the bonds and mortgages by the assignment at once vested in Savage for the purposes of the trust, and for those purposes he became the absolute legal and equitable owner of them, even as against Gould. That trust did not depend upon the will, and would have continued, even if the will had been revoked, or if the trusts therein created had been invalid. So when Savage was removed from his office of testamentary trustee, he still remained trustee of the other trust, with all his powers and rights as such intact; and when Clute was appointed trustee of the trusts created by the will, he did not become entitled to the bonds and mortgages. Thus Savage is entitled, unless sooner removed, to hold these mortgages, or the property representing them, until the marriage or death of Miss Kappes, and then the property will pass to whoever is trustee of the testamentary trusts. If it shall be Clute, then he will be entitled to take the property and hold it, upon the same trusts provided in the will for the children of the testator, unless these trusts shall have terminated by lapse of time, in which event the property would pass directly to such children. At this time, the entire title to the bonds

and mortgages is in Savage as trustee, and the sole beneficiaries are Miss Kappes and the testator's children; she, during her life, if she shall not marry, and they, after her marriage or death. While this trust exists, Clute has no interest, contingent or otherwise, in possession or remainder, in the property.

"It follows from these views that Clute had no standing whatever to intervene in this matter. If Savage is an unsuitable person, any of the beneficiaries of the trust may take proceedings to remove him or to compel him to give security. If he is acting corruptly or improvidently in the foreclosure of the mortgages, any of them may invoke the interference of the Supreme Court to protect their interests in some suitable way. Clute may apply to the Supreme Court, whose officer he is, for authority to bid at the foreclosure sale and to use the trust funds in his hands for that purpose. There are many ways to protect all the parties interested in this trust by regular and orderly proceedings in the courts.

"I can see no purposes served by the Special Term order There is no allegation that the foreclosure and judgment are not regular. Clute is in no way a necessary or proper party to that action, and there can be no reason for making the *cestuis que trust* parties. They have nothing to litigate in the action, and it was not necessary that they should be made parties for the protection of any of their rights. They can be protected as well, if they are not made parties, as if they are. The trustee is constantly under the control of the court, and it is always open for their protection. It is not perceived what they could do, or what would be done with them or for them, if made parties.

"The General Term had no jurisdiction to supersede or remove Savage as trustee. The case was before it simply upon the application of Clute, who had no standing there for that purpose. The order of the General Term cannot stand upon the consent of the counsel said to have been there given. If such consent could otherwise authorize such an order, here it was conditional, and the condition was not complied with."

*E. Countryman* for appellant.

*Alvah H. Tremain* for respondents.

EARL, J., reads for reversal of orders of General and Special Terms, RAPALLO and DANFORTH, JJ., concur; CHURCH, Ch. J. and MILLER, J., do not concur in holding that Clute has no interest in the trust fund in the hands of Savage, but concur in the result; FOLGER, J., does not vote; ANDREWS, J., absent.

Orders reversed.